**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Veronica Hernandez,<br>Plaintiff,<br><br>-v-<br><br>Wells Fargo Bank, N.A., *et al.*,<br><br>Defendants. | 2:25-cv-02057<br>(NJC) (ST) |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

Plaintiff Veronica Hernandez, proceeding pro se, commenced this action to bring a variety of federal and state claims alleging that state court judges, court personnel, private attorneys, financial institutions, and other private actors violated her rights in connection with three actions in state court: a matrimonial action, a debt collection action, and a mortgage foreclosure action. (Am. Compl. at 2–6, 23, 47, ECF No. 30.) On September 20, 2026, I granted motions to dismiss by three groups of Defendants and instructed Hernandez to serve the remaining Defendants in accordance with Rule 4(m) of the Federal Rules of Civil Procedure by October 2, 2026. (ECF No. 75.)[1] For the reasons explained below, Hernandez failed to serve the remaining Defendants in accordance with Rule 4(m), so the claims against these Defendants are dismissed.

On September 20, 2026, I ordered Hernandez, to "serve the following Defendants by **October 2, 2026** in accordance with the requirements of Rule 4, Fed. R. Civ. P.: Wells Fargo

[1] I dismissed the Amended Complaint as to following Defendants: the Supreme Court of the State of New York, Suffolk County, the Honorable Justice John J. Leo, the Honorable Justice Maureen T. Liccione, the Honorable Justice Christopher Modelewski, the Honorable Justice Aletha V. Fields, the Montefusco Law Group, Robert Montefusco, Abigail Miller, Pressler, Felt & Warshaw, LLP, Craig Stiller; Ryan Tappan, and Theresa O'Brien.

Bank, N.A., Woods Oviatt Gilman LLP, Lauren Russo, Richard Mullen, Encore Capital Group, Inc., Midland Credit Management, JP Morgan Chase Bank, Wells Fargo and Company." (Elec. Order, Sept. 20, 2026 (emphasis in original).) I also required Hernandez to "file a document demonstrating that service was accomplished" by October 9, 2026, and expressly warned her that "[f]ailure to accomplish service by October 2, 2026 [would] result in dismissal of all claims against these Defendants under Rule 4(m)." *Id.*

On October 2, 2026, Hernandez presented a summons to the Clerk of the Court, which was issued that same day. (Summons, ECF No. 76.) On October 9, 2026, Hernandez filed a letter with four exhibits purporting to demonstrate proof of service in accordance with the September 20, 2026 Order. (Letter, ECF No. 77.)

Hernandez's "proof of service" reflects that Hernandez sent unspecified documents to Defendants by certified mail with return receipt requested. (Proof of Svc., ECF Nos. 77-1, 77-2.) This attempt to complete service solely by certified mail does not satisfy the requirements of Rule 4. (*See id.*; *see also* Fed. R. Civ. P. 4.) Rule 4 governs the service of a summons and initial complaint and provides that "[a]ny person who is at least 18 years old and *not a party* may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added). Rule 4(c) provides that "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). Here, as is readily apparent, Hernandez's attempted service solely by certified mail does not comport with these requirements both because she is a party to the case and because the proof of service does not make clear precisely which documents were mailed to Defendants. (Proof of Serv., ECF No. 77.)

There are different rules for service upon an individual person versus a corporation. An

individual may be served pursuant to state law, by personal service, by leaving a copy of the summons and complaint at their usual place of abode with someone of suitable age and discretion who resides there, or by delivering a copy of the summons and complaint to an agent authorized to receive service of process. Fed. R. Civ. P. 4(e). Under New York law,

> [p]ersonal service upon a natural person shall be made by any of the following methods:
>
> 1. by delivering the summons within the state to the person to be served; or
>
> 2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served *and* by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, *such delivery and mailing to be effected within twenty days of each other*; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later; service shall be complete ten days after such filing; proof of service shall identify such person of suitable age and discretion and state the date, time and place of service . . . ; or
>
> 3. by delivering the summons within the state to the agent for service of the person to be served as designated under rule 318, . . .; or
>
> 4. where service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served *and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served* at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such affixing and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such affixing or mailing, whichever is effected later; service shall be complete ten days after such filing, . . .; or

> 5. in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section.

N.Y.C.P.L.R. § 308(1)–(5) (emphasis added).

A corporation may be served pursuant to state law or by service on an agent authorized to receive service. Fed. R. Civ. P. 4(h). More specifically, under Rule 4(h)(1), a corporation must be served either:

> (1) in the manner prescribed by [the law for serving a summons on an individual of the state in which the district court is located]; or
>
> (2) by delivering a copy of the summons and of the complaint to an officer, or . . . agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . .

Fed. R. Civ. P. 4(h)(1); *see also* Fed. R. Civ. P. 4(e)(1). Under New York law, "[p]ersonal service upon a corporation . . . shall be made by delivering the summons . . . upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y.C.P.L.R. § 311(a)(1). A business corporation may also be served pursuant to New York Business Corporation Law § 306(b)(1), which permits a party to serve a domestic or authorized foreign corporation by personally delivering to and leaving with the secretary of state or a deputy, or with any person authorized by the secretary of state to receive such service, at the office of the department of state in the city of Albany, duplicate copies of such process together with the statutory fee. N.Y. Bus. Corp. L. § 306(b)(1); *see also* N.Y.C.P.L.R. § 311(a)(1).

In addition, Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must

extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Here, the Amended Complaint that first included Defendants Wells Fargo Bank, N.A., Woods Oviatt Gilman LLP, Lauren Russo, Richard Mullen, Encore Capital Group, Inc., Midland Credit Management, JP Morgan Chase Bank, Wells Fargo and Company was filed on November 14, 2025. (ECF No. 30.) Therefore, the standard 90-day period set forth in Rule 4(m) to serve these Defendants has long expired. *See* Fed. R. Civ. P. 4(m). Ten months had passed since the filing of the Amended Complaint without Hernandez's demonstration that she had served these Defendants or had otherwise shown good cause for that failure by the time that I issued the September 20, 2026 Opinion and Order ruling on motions to dismiss by three other groups of Defendants in this action. Nevertheless, I afforded Hernandez a final opportunity to properly serve the unserved Defendants by October 2, 2026, and warned that the Amended Complaint would be dismissed without prejudice if she failed to do so. (ECF No. 75 at 3 n. 2.) Accordingly, given that none of the Defendants at issue have been served in accordance with the requirements of Rule 4, the Amended Complaint is dismissed without prejudice as to these Defendants pursuant to Rule 4(m). I decline to further extend the service deadline given that Hernandez has been on notice since at least February 5, 2026 that "'[n]either the Federal Rules nor New York's CPLR permit service of a summons and complaint by simply mailing a copy to a defendant via the U.S. Postal Service or an express delivery service.'" *See Hernandez v. Hernandez*, 2:24-cv-08614 Order, ECF No. 32 at 15–16 (quoting *Fairman v. Hurley*, 373 F. Supp. 2d 227, 232 (W.D.N.Y. 2005)).

Because all claims in this action have been dismissed through this Order and this Court's September 20, 2026 Opinion and Order, the Complaint is dismissed and the Clerk of Court is

ordered to enter judgment and close this case.

Although Hernandez paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court shall enter judgment and mail a copy of this Order and judgment to Hernandez at her address of record and record such mailing on the docket.

Dated: Central Islip, New York
October 29, 2026

/s/ Nusrat J. Choudhury
NUSRAT J. CHOUDHURY
United States District Judge